UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

05 APR 21 PH 3 4

ROBERT R. DI ⸺ IO
CLERK, U.S. DI ⸺ CT.
W.D. OF TN, MEMPHIS

TY KEVIN BAUER,

    Plaintiff,

v.

NO. 04-2428 BV

CARTY & COMPANY, INC.,

    Defendant.

## [~~PROPOSED~~] SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was held on April 12, 2005. Present were Scott A. Kramer, counsel for Plaintiff, and Jarrod Smith, counsel for Defendant. At the conference, the following dates were established as the final dates for:

1. **INITIAL DISCLOSURE PURSUANT to Fed. R.Civ.P. 26(a)(1):** April 1, 2005.

2. **JOINING PARTIES:** May 15, 2005

3. **AMENDING PLEADINGS:** May 25, 2005

4. **INITIAL MOTIONS TO DISMISS:** June 15, 2005

5. **COMPLETING ALL DISCOVERY:** October 31, 2005

(a) **DOCUMENT PRODUCTION:** October 31, 2005

(b) **DEPOSITIONS, INTERROGATORIES AND REQUEST FOR ADMISSIONS:** October 31, 2005

(c) **EXPERT WITNESS DISCLOSURE (Rule 26):**

    (1) DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION: August 31, 2005

    (2) DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION: September 30, 2005

{L:\WDOX\BKClient\20720\000\pld\00001439.DOC}

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 4-22-05

  (3)  **EXPERT WITNESS DEPOSITIONS:**  October 31, 2005

**6.**  **FILING DISPOSITIVE MOTIONS:**  November 30, 2005

  **7.**  **OTHER RELEVANT MATTERS:**  No deposition may be scheduled to occur after the discovery cutoff date. All motions, requests for admissions, or other filings that require a response must be filed sufficiently in advance of the discovery cutoff date to enable opposing counsel to respond by the time permitted by the Rules prior to that date.

  Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection, which is the subject of the motion, if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection shall be waived.

  This case is set for ~~jury~~/non-jury trial, and the trial is expected to last 2 days. This pretrial order date, pretrial conference date, and trial date will be set by the presiding judge.

  This case is appropriate for ADR. The parties directed to engage in court-annexed attorney mediation or private mediation after the close of discovery.

  The parties are reminded that pursuant to Local Rule 11(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall be accompanied by a proposed order.

  The opposing party may file a response to any motion filed in this matter. Neither party may file an additional reply, however, without leave of court. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required.

  The parties have not consented to trial before the magistrate judge.

  This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this order will not be modified or extended.

IT IS SO ORDERED.

*Diane K. Vescovo*

DATE: *April 21, 2005*

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 2:04-CV-02428 was distributed by fax, mail, or direct printing on April 22, 2005 to the parties listed.

---

Quitman Robins Ledyard
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Scott A. Kramer
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Bruce S. Kramer
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Shepherd D. Tate
TATE LAZARINI & BEALL, PLC
One Commerce Square
Ste. 2500
Memphis, TN 38103

Jerrod Benjamin Smith
TATE LAZARINI & BEALL, PLC
One Commerce Square
Ste. 2500
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT