IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TY KEVIN BAUER,

    Plaintiff,

v.                                             No. 04-2428 B

CARTY & COMPANY, INC.,

    Defendant.

_____

AMENDED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT
_____

    According to the allegations of the parties in this case, the Plaintiff, Ty Kevin Bauer, was formerly employed by the Defendant, Carty & Company, Inc. ("Carty"), as a securities broker/dealer. In April 2001, Carty filed a statement of claim against Bauer, following his exit from the Defendant's employ, with the National Association of Securities Dealers, Inc. (the "NASD") in the form of an arbitration action. Carty claimed therein that Bauer had breached contracts entered into with the Defendant obligating him to reimburse his employer for losses arising from his trading activities. Both parties engaged in discovery as a part of the arbitration process and, in February 2003, the arbitration panel awarded damages to Carty in excess of $500,000. The following month, Bauer sought Chapter 7 bankruptcy protection in the Northern District of Mississippi, in which Carty filed an adversary proceeding. During discovery in the bankruptcy case, Carty produced documents that the Plaintiff claims were "critical" to his defense in the arbitration matter. Bauer brought this action under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, et seq., seeking an order setting aside the arbitration award. Before the Court is the motion of the Defendant to deny

the relief sought.[1]

The standard to be used by the trial courts in this Circuit in determining cases seeking to vacate arbitration awards has been articulated thusly:

> The [FAA] expresses a presumption that arbitration awards will be confirmed. When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence. As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision. Thus, a federal court may vacate an arbitration award only in very limited circumstances.

Nationwide Mut. Ins. Co. v. Home Ins. Co., 429 F.3d 640, 643-44 (6th Cir. 2005) (internal citations and quotation marks omitted). The Fifth Circuit has recognized that,

> [a]s a speedy and informal alternative to litigation, arbitration resolves disputes without confinement to many of the procedural and evidentiary strictures that protect the integrity of formal trials. Parties to voluntary arbitration may not superimpose rigorous procedural limitations on the very process designed to avoid such limitations. The informal nature of arbitration proceedings effectuates the national policy favoring arbitration, and such proceedings require expeditious and summary hearing, with only restricted inquiry into factual issues.
>
> Submission of disputes to arbitration always risks an accumulation of procedural and evidentiary shortcuts that would properly frustrate counsel in a formal trial. But because the advantages of arbitration are speed and informality, an arbitrator should be expected to act affirmatively to simplify and expedite the proceedings before him. Thus, whatever indignation a reviewing court may experience in examining the record, it must resist the temptation to condemn imperfect proceedings without a sound statutory basis for doing so.

Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex., 915 F.2d 1017, 1022 (5th Cir. 1990) (internal citations, footnotes and quotation marks omitted).

The FAA provides that

---

[1] Applications under the FAA "shall be made and heard in the manner provided by law for the making and hearing of motions . . ." 9 U.S.C. § 6.

> [i]n any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award . . . --
>
> (1)     where the award was procured by corruption, fraud, or undue means;
>
> (2)     where there was evident partiality or corruption of the arbitrators . . .;
>
> (3)     where the arbitrators were guilty of misconduct . . . or . . . misbehavior . . .; or
>
> (4)     where the arbitrators exceeded their powers, or . . . imperfectly executed them . . .

9 U.S.C. § 10(a); see also Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 205 F.3d 906, 909 (6th Cir. 2000). Essentially, a court may vacate an arbitration award only for reasons set forth in the statute. PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship, 187 F.3d 988, 991 (8th Cir. 1999), cert. denied, 529 U.S. 1020, 120 S.Ct. 1421, 146 L.Ed.2d 313 (2000). The party moving to vacate the award bears the burden of showing such action is warranted. Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp., 161 F.3d 314, 319 (5th Cir. 1998). In doing so, the movant must present "specific facts" to support his claim. Andersons, Inc. v. Horton Farms, Inc., 166 F.3d 308, 329 (6th Cir. 1998); Barcume v. City of Flint, 132 F.Supp.2d 549, 556 (E.D. Mich. 2001).

In this case, Bauer alleges that Carty obtained the award through fraud and undue means by intentionally failing to produce documents responsive to discovery requests made during the arbitration and which were material to his defense. In Zinsmeyer, the court explained that

> [t]he term "undue means" must be read in conjunction with the words "fraud" and "corruption" that precede it in the statute. Consistent with the plain meaning of fraud and corruption, and with the limited scope of judicial review of arbitration awards, other circuits have uniformly construed the term undue means as requiring proof of intentional misconduct. Undue means does not include "sloppy or overzealous lawyering."

Zinsmeyer, 187 F.3d at 991 (internal citations omitted). In this Circuit, "undue means" requires

3

"some type of bad faith behavior by the winning party." Barcume, 132 F.Supp.2d at 556 (citing Pontiac Trail Med. Clinic, P.C. v. PaineWebber, Inc., No. 92-1972, 1993 WL 288301, at *4 (6th Cir. July 29, 1993)). Undue means "clearly connotes behavior that is immoral if not illegal." Pontiac Trail, 1993 WL 288301, at *4 (quoting A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1403 (9th Cir. 1992), cert. denied, 506 U.S. 1050, 113 S.Ct. 970, 122 L.Ed.2d 126 (1993)); see also Barcume, 132 F.Supp.2d at 556. A showing of fraud requires that (1) the movant establish the fraud by clear and convincing evidence; (2) the fraud must not have been discoverable upon the exercise of due diligence prior to or during the arbitration; and (3) the fraud materially related to an issue in the arbitration. Int'l Bhd. of Teamsters, Local 519 v. United Parcel Serv., 335 F.3d 497, 503 (6th Cir. 2003); see also Midam. Energy Co. v. Int'l Bhd. of Elec. Workers Local 499, 345 F.3d 616, 622 (8th Cir. 2003); Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1383 (11th Cir. 1988); Barcume, 132 F.Supp.2d at 556. The same test applies to charges of "undue means." Barcume, 132 F.Supp.2d at 556.

In its unpublished decision in Pontiac Trail, the Sixth Circuit specifically addressed allegations of fraud arising from the withholding of relevant documents. Particularly, the plaintiff therein averred that the defendant fraudulently obtained the arbitration award by giving misleading discovery responses and failing to produce documents responsive to discovery requests. Pontiac Trail, 1993 WL 288301, at *3. Upon consideration and a thorough analysis of the caselaw, the court expressed strong doubt in the notion that alleged discovery abuses can form the basis of a § 10(a) fraud claim. Id. at *4-5. Indeed, Bauer's failure to cite any authority in his response to the motion to dismiss is perhaps telling in this regard.[2] Pontiac Trail has been cited with approval by at least

---

[2]In an 11-page memorandum, the Plaintiff fails to cite a single case.

4

one other court in support of a finding that discovery disputes do not rise to the level of fraud or undue means.  See Zinsmeyer, 187 F.3d at 991.

It appears to the Court that Carty produced documents (or did not) based on a narrow interpretation of Bauer's discovery requests as to relevancy, where the Plaintiff no doubt intended (and hoped for) a broader one.  Disputes over such differences in interpretation are hardly unknown in discovery practice and are in fact the stuff of a majority of the motions to compel that find their way to this Court.  While regretful, such activity could hardly be said to be "immoral if not illegal."

The Defendant maintains in its dispositive motion that Bauer never moved to compel production of additional documents or sought discovery from the NASD in the arbitration proceeding, which he could have done.  In response, the Plaintiff does not deny either assertion, arguing only that he did not move to compel because a consent protective order had been entered into between the parties as to documents Carty deemed proprietary and confidential.  However, it appears Carty simply wanted the protective order in place prior to production and there is no indication the agreement prevented discovery of the documents at issue or the Plaintiff's ability to move to compel production of documents wrongfully withheld.  The Plaintiff further suggests that Carty's claim that Bauer failed to exercise due diligence in seeking the documents does not excuse it from production.  Perhaps not, but the Plaintiff's complete failure to show, as he must, that the fraud and/or use of undue means would not have been discoverable upon the exercise of due diligence is fatal to his fraud and undue means claim.  See Int'l Bhd. of Teamsters, 335 F.3d at 503; Barcume, 132 F.Supp.2d at 556; see also Zinsmeyer, 187 F.3d at 993-94 (fraud and/or undue means not shown where plaintiff was "not particularly diligent or aggressive in challenging" defendant's failure to produce documents).

For the reasons set forth herein, the Plaintiff has failed to carry his burden in demonstrating by clear and convincing evidence that the arbitration award obtained by Carty was procured by fraud or undue means. Accordingly, the motion of the Defendant to dismiss the Plaintiff's complaint to vacate the award is GRANTED. Further, the Clerk is directed to enter judgment for the Defendant, any and all motions remaining pending in this matter are denied as moot, and the Case Manager is directed to remove all deadlines and settings relative to this action from the Court's calendar.

IT IS SO ORDERED this 3rd day of April, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE